**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **QU-SOFT LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:20-CV-00640-LY** |
| | ) | |
| **DOMINION SIDING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION TO STAY DISCOVERY PENDING ITS MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

Defendant, Dominion Siding, Inc. ("Dominion"), by and through counsel, respectfully requests a reasonable stay on discovery until the Court resolves its pending Motion to Dismiss for lack of personal jurisdiction and venue or motion to transfer, in the alternative to dismissal.

The issues raised in the motion to dismiss have been fully briefed by both parties and are ripe for resolution. Staying discovery for a limited time is in the best interest of judicial efficiency and economy and prevents Dominion from suffering undue hardship. And it will not result in prejudice to Plaintiff. Therefore, the Court should grant Dominion's Motion to Stay Discovery.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Geraci v. City of Austin*, No. 1:19-CV-340-LY-SH, 2019 WL 6050728, at *1 (W.D. Tex. Nov. 14, 2019) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). A stay of discovery may be issued to "protect a party or person from annoyance, embarrassment, or undue burden or expense." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also* Fed. R. Civ. P. 26(c) (2020); *Geraci*, 2019 WL 6050728, at *1. In determining whether a stay of discovery is appropriate, "a court must balance the harm produced

by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Geraci*, 2019 WL 6050728, at *1 (citing *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016)).

Here, staying general discovery is in the best interest of judicial efficiency and economy and will keep the parties from incurring an undue substantial burden. Beginning discovery prior to ruling on whether personal jurisdiction exists would impose undue burden and expense on the parties. When a motion to dismiss may dispose of the need for any discovery, a motion to stay is appropriate. *See Tostado v. Citibank (South Dakota), N.A.*, No. SA-09-CV-543-XR, 2009 WL 4774771, at *1 (W.D. Tex. Dec. 11, 2009). Dominion's Motion to Dismiss seeks dismissal for lack of personal jurisdiction or, alternatively, a transfer of the entire case. If the Court dismisses the case, there is no need for discovery, and if it transfers, another court will set any discovery deadlines. Either dismissal or transfer disposes of the need for discovery.

Plaintiff will not suffer prejudice if the court issues a reasonable stay of discovery. *See, e.g.*, *DSM Desotech Inc. v. 3d Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) (finding that hardship to the plaintiff is only present when there is a "compelling need for prompt discovery—as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness"). Here, there is no threat of destruction of evidence; Dominion has implemented a litigation hold and Plaintiff has not moved for a preliminary injunction. There are no known impending deaths or illnesses of any parties or witnesses. Therefore, there is no basis to push forward with discovery, and it would be just and appropriate for the Court to exercise their discretion to stay discovery for a reasonable time.

Dominion respectfully requests the Court grant its motion for a stay of discovery pending the determination of its Motion to Dismiss.

Respectfully submitted,

/s/ Stephen J. Zralek
Stephen J. Zralek, admitted *pro hac vice*
szralek@bonelaw.com
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6305 Telephone
(615) 687-2763 Facsimile

James R. Ray III
Texas Bar No. 24079746
jray@munsch.com
Connor D. Best
Texas Bar No. 24097374
cbest@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
Hartland Plaza
1717 West 6th Street, Suite 250
Austin, TX 78703
(512) 391-6100 Telephone
(513) 391-6149 Facsimile

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 17th day of August, 2020, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Western District of Texas, using the ECF system of the Court. I certify that a true and correct copy of the foregoing instrument was served upon all counsel of record, by email, electronic e-service, fax or certified mail, as follows:

Timothy Cleveland, Esq.
Scotty G. Arbuckle III, Esq.
CLEVELAND TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746


/s/ Stephen J. Zralek