IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| QU-SOFT, LLC,<br>   *Plaintiff*, | § § § | |
| v. | § § | CAUSE NO. 1:20-CV-00640-LY |
| DOMINION SIDING, INC.,<br>   *Defendant*. | § § § | |

**SURREPLY TO MOTION TO DISMISS**

In its reply, Dominion asks the Court to weigh evidence and make findings of fact. That is improper, because at the pleading stage, Qu-Soft need only make a prima facie showing that jurisdiction is proper—and Qu-Soft has done so. *MWK Recruiting, Inc. v. Jowers*, 1:18-CV-444-RP, 2019 WL 7761445, at *3 (W.D. Tex. July 29, 2019) ("[W]hen the court considers a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing . . . the plaintiff need only present a prima facie case that personal jurisdiction is proper."). The Fifth Circuit has explained:

> When the defendant disputes the factual bases for jurisdiction as [the defendant] does here, the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue. The court has discretion as to the type and amount of discovery to allow. ***But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts.***

*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (internal citations and quotation marks omitted). Without an evidentiary hearing, the Court must construe all facts, ***including disputed facts***, in Qu-Soft's favor. *Id*. For example, Dominion argues that the Court should ignore the parties' forum selection clause because Qu-Soft used recent screen

1

shots of Dominion's software registration.[1] Reply at 1. Dominion also states that it "does not recall" having clicked through the registration agreement to gain access to Qu-Soft's software. *Id.* at 2. But to the extent that Dominion disputes that it agreed to the forum selection clause,[2] that disputed fact issue must be construed in Qu-Soft's favor unless an evidentiary hearing is held. The Court should reject Dominion's attempt to raise Qu-Soft's burden above the prima facie level at this stage.

Dominion also tries to argue that Qu-Soft bears the burden to show that transfer is *not* appropriate. That is the reverse of the actual legal standard: it is Dominion's burden to show good cause for transfer, and as Qu-Soft noted in response, that burden is significant. *See* Resp. at 8. Dominion has failed to carry this burden and has not offered any evidence in support apart from the cursory declaration that accompanied its motion.

Because Qu-Soft has made a prima facie showing that jurisdiction is proper and because Dominion has failed to carry its significant burden to show good cause to transfer, the Court should deny Dominion's motion to dismiss or transfer.

---

[1] Dominion does not actually bother to explain the significance of this observation, and it seems immaterial.

[2] Notably, Dominion never states that it did not agree to the forum selection clause; it states only that it "does not recall . . . clicking through" the registration agreement to access Qu-Soft's software.

Respectfully submitted,

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Scotty G. Arbuckle III
State Bar No. 24089969
Austin H. Krist
State Bar No. 24106170

**CLEVELAND | TERRAZAS PLLC**
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
(512) 689-8698
tcleveland@clevelandterrazas.com
tarbuckle@clevelandterrazas.com
akrist@clevelandterrazas.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing documents was served on all counsel of record by way of e-service through the CM/ECF system on August 12, 2020.

/s/ Timothy Cleveland
Timothy Cleveland