IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| QU-SOFT LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-20-CV-00640-LY |
| | § | |
| DOMINION SIDING, INC., | § | |
| DEFENDANT. | § | |

# ORDER

Before the court in the above styled action are Defendant Dominion Siding, Inc.'s Defendant's Motion to Stay Discovery Pending Its Motion to Dismiss and Memorandum in Support filed August 17, 2020 (Doc. #11) and Plaintiff Qu-Soft, LLC's Response in Opposition to Dominion's Motion to Stay Discovery filed August 20, 2020 (Doc. #17). Having considered the motion, response, case file, and applicable law, the court will grant the motion.

On June 19, 2020, Qu-Soft filed this action alleging that Dominion Siding, a former Qu-Soft customer and licensee, breached the parties' license agreement and misappropriated Qu-Soft's proprietary software product, "Qube," and other Qu-Soft trade secrets under federal and Texas law. On July 20, 2020, Dominion Siding responded by moving to dismiss, or alternatively to transfer the action to the United States District Court for the Middle District of Tennessee, where Qu-Soft is incorporated and maintains its principal place of business. On August 12, 2020, the court referred Dominion Siding's motion to dismiss or transfer, Qu-Soft's response, and Dominion Siding's reply in support of the motion to the United States Magistrate Judge for a report and recommendation.

Also on August 12, 2020, according to Dominion Siding's certificate of conference included with the motion to stay discovery, counsel for the parties met and conferred about scheduling matters. During the conference, Dominion Siding asked Qu-Soft to agree to a stay of discovery

pending resolution of the motion to dismiss. Qu-Soft declined, and on August 14, 2020, served discovery requests on Dominion Siding. On August 17, 2020, Dominion Siding filed the motion to stay discovery. Dominion Siding has not filed an answer and the court has not rendered a scheduling order.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). A stay of discovery may be issued to "protect a party or person from annoyance, embarrassment, or undue burden or expense." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also* Fed. R. Civ. P. 26(c).

Dominion Siding argues, *inter alia*, that staying general discovery is appropriate during the time the court considers whether it has personal jurisdiction over Dominion Siding. If the court ultimately dismisses the case, Dominion Siding argues there will be no need for discovery, and if the court transfers the case, another court will set discovery deadlines. Qu-Soft responds that there are no threshold issues that justify a stay of discovery. Additionally, Qu-Soft argues that it would be prejudiced by a stay as it will be unable to devote its attention to building its business and serving its customers while the case is pending.

Nothing in the case file indicates that there is a need for immediate discovery. Qu-Soft has not sought any preliminary relief. Dominion Siding represents that it "has implemented a litigation hold," and there is no indication from Qu-Soft that it believes Dominion Siding may destroy relevant evidence. Also, nothing before the court reflects that any of the parties or potential witnesses is suffering an illness that could cause difficulties in preserving relevant evidence or testimony. The court finds no pending matters that require immediate discovery. Finally, to the extent Qu-Soft may

suffer prejudice by a stay of discovery until the court resolves whether it has personal jurisdiction over Dominion Siding, the court finds that such prejudice does not amount to an undue burden.

**IT IS ORDERED** that Defendant Dominion Siding, Inc.'s Defendant's Motion to Stay Discovery Pending Its Motion to Dismiss filed August 17, 2020 (Doc. #11) is **GRANTED**.

**IT IS FURTHER ORDERED that discovery in this action is STAYED until the court resolves Dominion Siding's Motion to Dismiss or, In the Alternative, To Transfer.**

SIGNED this 24th day of August, 2020.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE